## TURNER v. SHERIDAN.

(City Court of New York, General Term. February 28, 1901.)

TRIAL—QUESTIONS OF FACT—DETERMINATION OF JURY—APPEAL—DISTURBING VERDICT.

The determination of a jury on disputed questions of fact, under a proper charge, will not be disturbed on appeal.

Appeal from trial term.

Action by William Turner against Theresa A. S. Sheridan. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Arthur J. Martin, for appellant.
Edward Swann, for respondent.

CONLAN, J. The action was brought upon a promissory note given by defendant, and dated Jersey City, N. J., October 16, 1899, payable to the order of plaintiff two months after date, at 129 Hoboken avenue, Jersey City. The defendant denied the consideration of the note, and set up two defenses: First, that the note was void, in that it was given by the defendant to renew a former note, of which it is said defendant was an accommodation maker, and, under the statutes of New Jersey relating to married women, no liability attached to her thereon; and, second, that the note in suit was a renewal of a note given to secure a precedent debt of a third party, without consideration moving to the defendant. In order to establish the plaintiff's right to recovery in this action, it was necessary for the jury to determine that the transactions leading up to the giving of the note were between the plaintiff and defendant as principals, and the determination of this question in the plaintiff's favor was sufficient to take the case out of the New Jersey statutes to which we have alluded. Upon this precise question there was a sharp conflict of evidence, plaintiff testifying that he sold directly to the defendant, giving as a reason that he would not give credit to her husband, and asked her to sign the note as maker, to which she at first made objection, as testified to by her, and that afterwards she acquiesced in the plaintiff's demand. If she had indorsed the note as surety or guarantor for her husband, no liability would have come to her under the New Jersey law, and this fact appears to have been in the minds of the parties at the time. Between the giving of the two notes the husband had died, and the second note was sent by the defendant to the plaintiff's bank in New York to take the place of the first note made by her to plaintiff's order. The body of the second note was in the handwriting of the defendant, as well as the sig-

nature thereto. It is proper to say that the defendant denies any dealings with the plaintiff other than those connected with the making and giving of the note. The jury, under the very able and exhaustive charge of the trial judge, appears to have determined all of the questions in the plaintiff's favor, and a conclusion thus reached upon disputed questions of fact will not usually be disturbed by the court on appeal.

The record before us does not present anything which, to our minds, calls for an interference with the result reached upon the trial. On a former appeal (65 N. Y. Supp. 791) there was lacking a line of proof connecting the defendant directly with the transactions, which were the foundation of the action, and for that reason the case was sent back for a new trial. We think that the new trial has so far changed the real situation as to compel us to say that the conclusion now reached is right, and that the judgment must therefore be affirmed, with costs.

O'DWYER, J., concurs.